[No. 37973.  Department Two.  June 16, 1966.]

ANDREW THOMPSON, as *Guardian, Appellant,* v. GALE GROVES
et al., *Respondents.** 

*Jerome L. Jager* (of *Jager, Austin & Makus*), for appellant.

*Kahin, Horswill, Keller, Rohrback, Waldo & Moren,* for respondents.

WEAVER, J.—Plaintiff, the father and guardian ad litem of his three minor daughters, appeals from a judgment dismissing his action for damages for personal injuries suffered by his daughters in an automobile accident. A jury returned a verdict for defendant. We refer to the girls as plaintiffs.

Conflicting facts present two theories of the accident.

Plaintiffs were guest passengers in an automobile driven by Gary Schnee. They were proceeding south on the inside lane of Highway 99. Plaintiffs contend that defendant, driving north, made a "U" turn across the centerline into the southbound outside lane, and then swung to the inside southbound lane in front of Mr. Schnee's car. The latter "rear-ended" defendant's automobile.

Defendant contends that while driving north, he drove into a parking area off the highway, made a complete turn, approached the east edge of the highway, checked traffic in both directions, and then drove to the inside southbound lane headed south. Defendant testified that at no time did he enter the outside southbound lane, but that he had

*Reported in 415 P.2d 648.

driven a block or more southbound before the accident happened. Clearly the record discloses a conflict of evidence that can only be resolved by a trier of fact.

The jury was instructed that negligence, if any, on the part of the driver of the car in which the plaintiffs were riding (Mr. Schnee's) *was not imputable to plaintiffs* and would not bar a recovery for any injuries they received as a proximate result of negligence on the part of the defendant.

It is apparent from our short recitation of the facts that the sole issue is whether defendant was negligent and if so, whether his negligence was a proximate cause of the accident.

Plaintiffs excepted and make four assignments of error, each directed to an instruction given. The challenged instructions relate to passing without warning, following too closely, driving with inadequate brakes, and driving with an inadequate horn. There is no claim that the instructions do not correctly state the law.

A careful survey of the record discloses that the challenged instructions refer to Mr. Schnee's conduct, which is not in issue. Further, we find no evidence that would support even an inference that Mr. Schnee was attempting to pass defendant's car, was following too closely, or was driving with inadequate brakes or horn. It appears to us that the instructions were applicable neither to the issues nor to the evidence.

It is error to submit an issue to the jury when it is neither involved in the case nor supported by substantial evidence. See *Izett v. Walker,* 67 Wn.2d 903, 410 P.2d 802 (1966).

The judgment is reversed and the cause remanded for a new trial. Costs will abide final disposition.

ROSELLINI, C. J., DONWORTH and HAMILTON, JJ., and WARD, J. Pro Tem., concur.